**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KENBRELL ROYLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:26-cv-03186** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LAKESHORE OPCO, LLC. d/b/a APERION CARE LAKESHORE,** | ) | |
| | ) | **Jury Trial Demanded** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff, Kenbrell Royle ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Lakeshore OPCO, LLC. d/b/a Aperion Care Lakeshore ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendant's sex-based discrimination, sex-based harassment, and retaliation under Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction have been satisfied.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant to the allegations of this Complaint resided in Cook County, Illinois.

9. Defendant, whose address is 7200 N Sheridan Road, Chicago, Illinois 60602-2613, is a limited liability company specializing in the skilled nursing industry that at all times material to the allegations in this Complaint was doing business in and for Cook County, Illinois.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12. Plaintiff worked for Defendant as a Laundry Aide from on or about September 25, 2024, until Plaintiff's unlawful termination on or about August 19, 2025.

13. Plaintiff met or exceeded Defendant's performance expectations throughout the entire duration of her employment.

14. Plaintiff is female and is a member of a protected class because of her sex (female).

15. Since at least August 4, 2025, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has subjected Plaintiff to a hostile work environment on the basis of sex, violating Title VII.

16. On or about August 4, 2025, while Plaintiff was folding laundry at work, her Director/Supervisor, Antoine Ware, an approximately 6’6” male approached her from behind in a manner that made her visibly flinch.

17. For context, Plaintiff is 5’1” and weighs approximately 100lbs.

18. Ware then reached for Plaintiff’s leg, turned her around, and lifted her into a laundry cart.

19. Plaintiff felt extremely uncomfortable and immediately exited the cart.

20. Upon looking at Ware, she saw him standing and watching her without saying anything.

21. Plaintiff nervously laughed out of discomfort and quickly walked away.

22. Plaintiff immediately reported the incident to HR Director, Pauline Butler, and wrote a formal statement regarding the incident.

23. Despite her efforts, she was not provided with a copy of this report.

24. Butler informed Plaintiff that Corporate might follow up with her regarding the incident, which she acknowledged.

25. Approximately thirty (30) minutes later, Plaintiff had a meeting with Butler and Defendant’s Administrator, Gus Stavropolous.

26. During this meeting, Plaintiff recounted the incident in detail.

27. Butler led most of the questioning, while Stavropoulos primarily listened.

28. Plaintiff also disclosed that this incident was not the first instance of inappropriate behavior by Ware.

29. Plaintiff had previously experienced instances where Ware had brushed up against her or bumped into her in ways that felt intentional and sexual in nature.

30. Plaintiff had tried to dismiss these incidents and remove herself from Ware's presence, but this most recent interaction crossed a clear line and prompted Plaintiff to formally report it.

31. Due to the emotional toll of the incident and being triggered by past traumatic experiences, Plaintiff informed Defendant's HR representatives that she would need two to three days off to recover from the emotional distress caused by the incident.

32. On or about August 8, 2025, Plaintiff returned to work after taking the requested time off.

33. On or about August 11, 2025, Plaintiff submitted a second written report regarding the August 4, 2025, incident.

34. Plaintiff attempted to hand this report to Stavropoulos, but he was unavailable, so she provided it to his assistant, Sydney (LNU).

35. In the second report, Plaintiff provided additional context about Ware's ongoing inappropriate behavior toward female employees and emphasized that the behavior was not isolated.

36. Plaintiff had previously warned Ware that continued behavior of this nature would lead to disciplinary action, and she made it clear both verbally and through her actions that she was not receptive to his inappropriate conduct.

37. On or about August 11, 2025, Plaintiff had a meeting with Butler and another HR Representative, Tyronda M. (LNU), during which Plaintiff formally requested not to work with Ware any longer due to his inappropriate conduct and her discomfort with his behavior.

38. On or about August 18, 2025, Defendant's HR department contacted Plaintiff regarding her clock-in/out times and alleged attendance issues.

39. This was unexpected, as Plaintiff had never been previously warned or informed that there were any concerns about her attendance.

40. Plaintiff was presented with write-ups regarding her attendance, which she declined to sign.

41. Plaintiff acknowledged that there were occasions that she was late, much like many other employees, but not to the extent that was being described in the write-ups.

42. Plaintiff questioned why she was not informed of any attendance issues at the time the alleged incidents occurred.

43. Ultimately, Plaintiff was unlawfully terminated because of her sex, (female) on August 19, 2025.

44. Defendant did not provide any specific reason for Plaintiff's termination.

45. Plaintiff was retaliated against and her employment was ultimately terminated for opposing unlawful discrimination and for exercising her protected rights.

46. Plaintiff reported the sex-based discrimination and harassment to Defendant.

47. Plaintiff was targeted for termination because of her sex and reporting of illegal activity.

48. Plaintiff suffered multiple adverse employment actions including, but not limited to, being terminated.

49. There is a basis for employer liability for the sex-based discrimination and harassment to which Plaintiff was subjected, as Defendant's management and HR were informed of the misconduct but failed to take corrective action or remedy the situation.

50. Plaintiff can show that she engaged in statutorily protected activity, a necessary component of her retaliation claim, because she reported the ongoing sexual harassment and sex-based discrimination by Ware to management and HR, as well as formally requesting not to work with him any longer.

51. Plaintiff's reports were ignored, and she was ultimately terminated as a result of her protected activity.

**COUNT I**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Sex-Based Discrimination)**

52. Plaintiff repeats and re-alleges paragraphs 1-51 as if fully stated herein.

53. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

54. Plaintiff met or exceeded performance expectations.

55. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

56. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

57. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex, female.

58. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

59. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment

benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of Title VII of The Civil Rights Act of 1964**
**(Sex-Based Harassment)**

60. Plaintiff repeats and re-alleges paragraphs 1-51 as if fully stated herein.

61. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sex-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

62. Defendant knew or should have known of the harassment.

63. The sex-based harassment was severe or pervasive.

64. The sex-based harassment was offensive subjectively and objectively.

65. The sex-based harassment was unwelcomed.

66. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e*, et seq*., due to Plaintiff's sex, female.

67. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

68. As a direct and proximate result of the sex-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of Title VII of The Civil Rights Act of 1964**
**(Retaliation)**

69. Plaintiff repeats and re-alleges paragraphs 1-51 as if fully stated herein.

70. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

71. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted sex-based discrimination and harassment.

72. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

73. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sex-based discrimination and harassment.

74. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

75. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

76. By virtue of the foregoing, Defendant retaliated against Plaintiff in response to Plaintiff reporting the sex-based discrimination and harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

77. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

78. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Front pay;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Reasonable attorneys' fees and costs;

g. Award pre-judgment interest if applicable; and

h. Award Plaintiff any and all other such relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury. Dated this 21st day of March 2026.

/s/***Travis P. Lampert***
**Travis P. Lampert, Esq.**
**Sulaiman Law Group, Ltd.**
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 581-5456
tlampert@atlaslawcenter.com
*Counsel for Plaintiff*